UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61942-CV-BLOOM/Goodman

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ONE 260-FOOT, 1,973-TON, STEEL-CARGO
FREIGHTER, REGISTERED IN TANZANIA
AND BUILT IN 1977, KNOWN AS THE "M/V
DORIS T" IDENTIFIED BY IMO NUMBER
7626748, OFFICIAL NUMBER 400335, CALL
SIGN 5IM-730, AND ITS EQUIPMENT

    Defendant In Rem.
_____/

## EVA DE SHIPPING LLC'S ANSWER AND AFFIRMATIVE DEFENSES

EVA DE SHIPPING LLC, ("Eva De") Claimant herein, files this Answer and Affirmative Defenses to the Plaintiff's Verified Complaint for Forfeiture In Rem, ("Complaint") and states the following:

1.    Eva De admits the allegation in paragraph 1 of the Complaint that this is an action In Rem for forfeiture of the vessel known as the M/V Doris T.

2.    Eva De denies the allegation in paragraph 2 of the Complaint that the vessel is subject to forfeiture as a vessel outfitted for smuggling pursuant to 19 U.S.C. Sec. 1703.

3.    Eva De admits the allegation that this Court has subject matter jurisdiction and In Rem jurisdiction over the vessel.

4.    Eva De admits the allegation in paragraph 4 of the Complaint that this Court has venue because the vessel is located in this District but denies the rest of the allegations therein.

## FACTUAL ALLEGATIONS

5. Eva De admits the allegations in paragraph 5 of the Complaint.

6. Eva De denies having sufficient knowledge with which to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. Eva De denies having sufficient knowledge with which to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Eva De denies having sufficient knowledge with which to admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Eva De admits the allegation contained in paragraph 9 that the ship arrived in Miami on or about September 12, 2018 and that it is in this District.

10. Eva De admits the allegations contained in paragraph 10 of the Complaint.

11. Eva De denies the allegations contained in paragraph 11 of the Complaint.

12. Eva De denies the allegations contained in paragraph 12 of the Complaint and denies the allegation that any compartments aboard the vessel were "secret".

13. Eva De denies having sufficient knowledge to admit or deny the allegations contained in paragraph 13 except that Eva De admits the approximate dates the vessel arrived at or debarked from Miami.

14. Eva De denies the allegations contained in paragraph 14 of the Complaint except that it admits that the vessel arrived in Miami on or about January 18, 2019 and was inspected by CBP.

15. Eva De denies having sufficient knowledge with which to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. Eva De admits the allegations contained in paragraph 16 except it denies that the ballast tanks were leaking water.

17. Eva De admits the allegations contained in paragraph 17 of the Complaint, but denies that the vessel is in violation of 19 U.S.C. Sec. 1703.

## CLAIM FOR FORFEITURE

18. Eva De answers paragraph 18 of the Complaint, which realleges and incorporates by reference paragraphs 1-17, in the same manner as those paragraphs were answered above.

19. Eva De denies the allegations contained in paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Government's forfeiture of the M/V Doris T would violate the Excessive Fines Clause of the Federal Constitution as the vessel is not contraband and the vessel is not outfitted for smuggling in violation of 19 U.S.C. Sec. 1703.

### Second Affirmative Defense

The Government lacks probable cause for seizure and forfeiture of the M/V Doris T.

### Third Affirmative Defense

Customs and Border Protection violated its own Regulations regarding the contents of a seizure notice when it issued a seizure notice to Eva De Shipping LLC for the M/V Doris T devoid of any facts supporting the seizure of the vessel.

### Fourth Affirmative Defense

Any compartments or spaces contained in the M/V Doris T are either original construction, *de minimis,* or were otherwise not aboard the vessel for the purpose of outfitting it for smuggling merchandise or defrauding the United States of any revenue in violation of 19 U.S.C. Sec. 1703.

WHEREFORE, Claimant Eva De prays for this Court to enter judgment in favor of Eva De dismissing the Complaint, vacating the Warrant for Arrest in Rem, awarding both costs and reasonable attorney's fees to Claimant, and for such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Claimant Eva de, pursuant to Rule 38, Fed. R. Civ. P. demands trial by jury of all issues so triable.

        Respectfully Submitted,

        **BECERRA LAW, P.A.**

        _____/s/_____
        Robert J. Becerra, B.C.S.
        Florida Bar No. 0856282
        Counsel for Claimant
        1001 Brickell Bay Drive
        Suite 1200
        Miami, Florida 33131
        Tel: 305-375-0112
        E-mail: rbecerra@rjbecerralaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 9th day of August 2019 via the Clerk of Court's CM/ECF service on counsel for the Plaintiff AUSA Richard O.I. Brown.

        _____/s/_____
        ROBERT J. BECERRA